UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANA SHOWALTER, ) | CASE NO. 1:10CV1147 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION & ORDER** |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Dana Showalter ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his application for Disability Insurance Benefits ("DIB"). ECF Dkt. #1. For the following reasons, the Court AFFIRMS the Commissioner's decision and dismisses Plaintiff's complaint with prejudice:

**I.  PROCEDURAL HISTORY**

On November 16, 2004, Plaintiff filed an application for DIB, alleging an onset date of June 2, 2002. ECF Dkt. #9-7at 2. The SSA denied his claim initially and Plaintiff sought no appeal of this determination. ECF Dkt. #9-6 at 2-4; ECF Dkt. #13 at 1.

On July 27, 2006, Plaintiff filed another application for DIB alleging disability beginning May 28, 2002. ECF Dkt. #9-7 at 8. The SSA denied this application initially and on reconsideration. ECF Dkt. #9-6 at 5-7, 9, 11-13.

Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ") and the hearing was held on January 15, 2009. ECF Dkt. #9-4 at 2-50; ECF Dkt. #9-6 at 14. At the hearing, the ALJ received testimony from: Plaintiff, who was represented by counsel; Dr. Franklin Plotkin, a medical expert ("ME"); and Ted Macy, a vocational expert ("VE"). ECF Dkt. #9-4 at 2.

On February 26, 2009, the ALJ issued a Notice of Decision – Unfavorable, finding that Plaintiff was not disabled. ECF Dkt. #9-3 at 2-15. Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied his request. ECF Dkt. 9-2 at 2-5.

On May 21, 2010, Plaintiff filed the instant suit and Defendant thereafter filed an answer. ECF Dkt. #s 1, 8. On December 8, 2010, Plaintiff filed a brief on the merits, and on February 18, 2011, Defendant filed his brief on the merits. ECF Dkt. #s 13, 18. On March 14, 2011, Plaintiff filed a reply brief. ECF Dkt. #21. The parties consented to the jurisdiction of the undersigned on January 20, 2011. ECF Dkt. #16.

**II.**  **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

In her decision, the ALJ found that Plaintiff suffered from lumbar disc disease, lumbar strain, lumbar radiculitis, and depression, which qualified as severe impairments under 20 C.F.R. §404.1520, *et seq*. ECF Dkt. #9-3 at 7. The ALJ next determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id*. at 8-9.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, which included the following limitations: lifting, carrying, pushing and pulling up to twenty pounds occasionally and ten pounds frequently; no climbing of ladders, ropes or scaffolds; frequent climbing of ramps and stairs; frequent balancing, stooping, kneeling, crouching and crawling; avoidance of concentrated exposure to vibration and unprotected heights, and limitations to simple, routine, repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes, in a work environment free of fast-paced production requirements. ECF Dkt. #9-3 at 9. The ALJ determined that Plaintiff could not perform his past relevant work, but could work in jobs existing in significant numbers in the national economy, such as a bench assembler, electronics worker, or wire worker. ECF Dkt. #9-3 at 13-14.

**III.**  **STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI. These steps are:

-2-

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable

mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health & uman Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V. ANALYSIS

### A. STEP THREE DETERMINATION

Plaintiff asserts that substantial evidence does not support the ALJ's Step Three determination that his impairments were not equivalent to an impairment in the Listings. ECF Dkt. #13 at 9-14. Plaintiff contends that the ALJ failed to follow the dictates of Social Security Ruling ("SSR") 96-7p because she did not articulate the weight that she gave to the opinion of the ME and she failed to provide adequate support for her rejection of the ME's opinion. *Id*. at 12.

At the hearing before the ALJ, Medical Expert Dr. Plotkin asked Plaintiff a number of questions before opining that Plaintiff had the severe impairments of lumbar and cervical pain, and depression. ECF Dkt. #9-4 at 30-40. Dr. Plotkin opined that Plaintiff had no limitation in functioning until he was involved in a motor vehicle accident in May 2002. *Id*. at 37. However, Dr. Plotkin stated that from May 28, 2002 through September 30, 2002, Plaintiff's cervical and lumbar impairments, and his depression, combined to equal Listings 1.04 and 12.04. *Id*. at 37, 39.
He explained that his opinion was based upon Plaintiff's testimony, as well as the record, including the notes of the pain management clinic that described his pain. *Id*. When the ALJ indicated that the medical record did not support a psychological finding until November 2003 when Plaintiff voluntarily went to Euclid Hospital/Marymount for depression and suicidal thoughts, Dr. Plotkin explained that he presumed that the depression was occurring before Plaintiff presented to the hospital. *Id.* at 37-38.

In the third step of the analysis to determine a claimant's entitlement to DIB, it is the claimant's burden to bring forth evidence to establish that his impairment meets or is medically equivalent to a listed impairment. *Evans v. Sec'y of Health & Human Servs*., 820 F.2d 161, 164 (6th Cir. 1987). The primary function of a ME is to explain the medical terms and findings in complex cases in terms that the ALJ, who is not a medical professional, may understand. *Richardson v. Perales*, 402 U.S. 389, 408, 91 S.Ct. 1420 (1972). The Commissioner's regulations provide that an

ALJ "may also ask for and consider opinions from medical experts on the nature and severity of [the claimant's] impairment(s) and on whether [the] impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. §404,1527(f)(2)(iii).

However, SSR 96–6p states that:

> The administrative law judge or Appeals Council is responsible for deciding the ultimate legal question whether a listing is met or equaled. As trier of the facts, an administrative law judge or the Appeals Council is not bound by a finding by a State agency medical or psychological consultant or other program physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.

SSR 96-6p. The opinion of a medical expert constitutes substantial evidence when it is detailed and consistent with other medical evidence in the record. *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989). Accordingly, while the ALJ is the one who ultimately decides whether a claimant's impairments equal the Listings, policy dictates that he or she receive agency physician opinion on the issue of equivalence into the record as expert opinion evidence and give that opinion the appropriate weight. *Id.*

The Court finds that the ALJ complied with the applicable Social Security regulations and rulings in rejecting Dr. Plotkin's opinion that Plaintiff's impairments equaled a Listing through his date last insured. Admittedly, the ALJ did not articulate the exact weight that she assigned to Dr. Plotkin's opinion. However, she clearly stated that she disagreed with his opinion that Plaintiff's impairments equaled a Listing through Plaintiff's date last insured. ECF Dkt. #9-3 at 12. She therefore rejected that part of Dr. Plotkin's opinion.

The ALJ thereafter explained the reasons for accepting portions of Dr. Plotkin's opinions and explained the reasons for rejecting Dr. Plotkin's equivalence opinion. The ALJ agreed with Dr. Plotkin that Plaintiff's lumbar disc disease, lumbar strain, and lumbar radiculitis were severe impairments during the relevant period. ECF Dkt. #9-3 at 11. She also cited Dr. Plotkin's opinion that Plaintiff's impairments equaled the Listings and referenced Dr. Plotkin's testimony that he

based his equivalency finding on Plaintiff's credible testimony and on the record.[1] *Id.* The ALJ then reviewed the relevant Listings and correctly noted that she was not bound by Dr. Plotkin's opinion on equivalence. *Id*. at 12. She explained that she gave greater weight to the documentation and treatment notes of Dr. Barrett, Plaintiff's treating physician for pain management, because Dr. Barrett had the opportunity to follow and track Plaintiff's progress during the relevant time period. *Id.* She thereafter cited to Dr. Barrett's notes regarding Plaintiff's improvement in symptoms. *Id*. While not citing to Dr. Barrett's notes and reports from May 2002 through September 2002 in the same paragraph where she disagreed with Dr. Plotkin's equivalency opinion, the ALJ did cite to these relevant documents in an immediately preceding part of this same section.

  The ALJ cited to Dr. Barrett's notes indicating that Plaintiff was involved in a motor vehicle accident on May 24, 2002 and had a left paramedian disc herniation at L4-5 which was recalcitrant to treatment with steroids and anti-inflammatories, but improved with lumbar epidural injections. ECF Dkt. #9-3 at 10. The ALJ cited to Dr. Barrett's September 9, 2002 letter which indicated that Plaintiff was doing "extremely well" after the injections and was taking Vicodin and Celebrex. *Id.* The ALJ indicated that Dr. Barrett's September 9, 2002 letter also indicated that Plaintiff had increased his activity level dramatically and would follow-up with Dr. Barrett in three months and be discharged from treatment at that time if he continued to do well. *Id.* The ALJ also reviewed Dr. Barrett's December 16, 2002 letter indicating that Plaintiff's radicular symptomatology was "stable and basically rare" and he used Vicodin rarely although he continued taking Celebrex. *Id*. She also cited Dr. Barrett's February 10, 2003 report that Plaintiff was doing "extremely well," had "minimal pain during the week," and was using Vicodin rarely although he continued using Celebrex. *Id.* She further noted Plaintiff's indication to Dr. Barrett in April, 2003 that he was

---

[1] Plaintiff indicates in his reply brief that the ALJ was "clearly wrong" in finding that Dr. Plotkin's opinion was based only on Plaintiff's testimony. ECF Dkt. #21 at 1. However, the Court finds that the ALJ did not state that Dr. Plotkin's opinion was based only on Plaintiff's testimony. She did state that Dr. Plotkin relied upon Plaintiff's testimony in forming his opinion. ECF Dkt. #9-3 at 12. However, in reviewing Dr. Plotkin's testimony, the ALJ indicated that Dr. Plotkin "based his opinion on the claimant's testimony which he found credible *and **on the record**." Id.* at 11 (emphasis added). Though not well-structured, this sentence indicates that Dr. Plotkin based his opinion on both Plaintiff's testimony and the record. In fact, Dr. Plotkin testified that he relied upon both Plaintiff's credible testimony and on the record. ECF Dkt. #9-4 at 39.

thinking about returning to work as he was doing yard work and walking. *Id*. She also cited a January 16, 2007 notation from Dr. Barrett that Plaintiff was status post lumbar joint injections "more than two years ago. He was stable until this time." *Id.*

This Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters,* 127 F.3d at 528. The Court finds that the ALJ properly followed the social security regulations and rulings in rejecting the equivalency opinion of the ME and substantial evidence supports the ALJ's articulated reasons for doing so.

### B. **CREDIBILITY**

Plaintiff also challenges the ALJ's credibility finding, asserting that she failed to follow Sixth Circuit caselaw in evaluating his pain allegations. Generally, an ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Social Sec*., No. 09–5773, 2011 WL 180789 at *4 (6th Cir. Jan.19, 2011), slip op. citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Warner v. Comm'r of Soc. Sec*., 375 F.3d 387, 390 (6th Cir.2004). Nevertheless, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Social Sec*., 127 F.3d 525, 530 (6th Cir.1997). Moreover, the ALJ must include specific reasons "supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." SSR 96–7p. SSR 96–7p further requires that "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *Id.*

The social security regulations establish a two-step process for evaluating pain. 20 C.F.R. § 404.1529, SSR 96–7p. In order for pain or other subjective complaints to be considered disabling, there must be (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *See id.; Stanley v. Sec'y of Health & Human Servs*., 39 F.3d 115, 117 (6th Cir.1994); *Felisky v. Bowen*, 35 F.3d 1027, 1038–1039 (6th Cir.1994); *Duncan*, 801 F.2d at 853.

Therefore, the ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain or other symptoms. *See id.* Second, after an underlying physical or mental impairment is found to exist that could reasonably be expected to produce the claimant's pain or symptoms, the ALJ then determines the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *See id.*

When a disability determination that would be fully favorable to the plaintiff cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the credibility of the plaintiff, considering the plaintiff's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in Social Security Ruling 96–7p. *See* SSR 96–7p. These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; any treatment, other than medication, that the claimant receives or has received to relieve the pain; and the opinions and statements of the claimant's doctors. *Felisky*, 35 F.3d at 1039-40. Since the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination. *See Casey*, 987 F.2d at 1234.

In this case, the ALJ cited to the proper regulations, Social Security Rulings, and the two-prong test to assess Plaintiff's credibility and statements of disabling pain. ECF Dkt. #9-3 at 9. The ALJ addressed the first prong of the pain analysis, finding that Plaintiff's underlying impairments could reasonably be expected to produce pain or other symptoms. *Id*. at 10. As to the second prong of the pain analysis, the ALJ noted that while she found Plaintiff's testimony credible, he had difficulty remembering when his symptoms first occurred and the severity of his symptoms relative to his date last insured of September 30, 2002. ECF Dkt. #9-3 at 12. She therefore reviewed his testimony, finding that Plaintiff had difficulty remembering when his symptoms first occurred and their severity related to his date last insured. *Id*. She cited Plaintiff's testimony that after the May 2002 motor vehicle accident, he did not do "much of anything," which was contrary to his activity level prior to the accident. ECF Dkt. #9-3 at 10. She noted his testimony that he had to hold onto

chairs in order to walk from his bed to the bathroom, that he was unable to care for his granddaughters who lived with him, he stopped going to counseling because the medications that he was taking made him feel like he was in a fog, and his testimony that he used a cane for much of 2002 that his wife bought and Dr. Barrett thought was a good idea. *Id*. The ALJ noted Plaintiff's medication use of Vicodin and Celebrex, citing to Dr. Barrett's notes that Plaintiff's Vicodin use was rare by February 2003 although he continued to use Celebrex but had no side effects from the medications. *Id*. She further noted Dr. Barrett's treatment notes and letters showing Plaintiff's increased improvement with lumbar injections after initial treatment with medications did not work. *Id*. The ALJ also noted Dr. Barrett's report that Plaintiff would have bad days and good days but he had remained stable for more than two years after treatment and had not required additional injections until January 2007. *Id*. at 12. The ALJ also reviewed Dr. Plotkin's medical opinion and clearly stated her reasons for rejecting his finding that Plaintiff's impairments medically equaled the Listings. *Id*. at 11. She noted Plaintiff's report to Dr. Barrett in April 2003 that he was walking and doing yard work and was considering returning to work. *Id.*

The Court finds that the ALJ's findings above reflect that she considered the required factors in determining Plaintiff's credibility and substantial evidence supports her determination that Plaintiff's allegations of pain, depression, and resulting limitations were not as intense, persistent or limiting as he testified.

## **VI. CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety with prejudice.

IT IS SO ORDERED.

DATE: September 27, 2011     */s/George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE